# HCSC v. Zotec

Motion to Dismiss

May 27, 2026

Health Care Service Corporation v. Zotec Partners, LLC
Case No. 5:25-cv-00186-RWS
Zotec Partners, LLC



# Posture Following this Court's Ruling in BCBSTX v. HaloMD

### This Court's Ruling in HaloMD

- The Court dismissed a parallel IDR-fraud case on threshold grounds.
- The ruling was not a technical pleading ruling.
- The IDR vendor theory HCSC raises was already part of the same architecture.

### Why it Matters

- This case requires the same eligibility and consequence review.
- The analysis turns on practical effect, not labels.
- Zotec's challenged role is IDR submissions for providers.

### Same Question Here

- Should HCSC be permitted to do an end around Congress' clear intent for these disputes to be determined in the IDR process and instead lump the disputes into federal court?

**HaloMD versus This Case:**

**Different complaint. Different labels. Same judicial task.**

# This Court Rejected the Same Routes Around Finality

| Issue | Rule that Applies Here |
| --- | --- |
| Eligibility | Payment is for a "qualified IDR item or service"; eligibility is embedded. |
| Damages | Awards, fees, costs, and staffing burdens remain collateral-attack damages. |
| Scheme | Aggregating many IDRs does not avoid the collateral-attack doctrine. |
| Injunction | Prospective relief is not independent when enforcement requires eligibility adjudication. |
| State-Law Eligibility | Here, state-law allegations mainly show federal IDR inapplicability; that is still eligibility review. |

**Common rule: labels do not control when relief requires review of IDR eligibility and consequences**

# HaloMD and Zotec Were Alleged to Play the Same IDR Role

## HaloMD

- Provider-side IDR representative alleged to act for out-of-network providers.

- Ineligible IDR proceedings, mass submissions, and delay-and-dump tactics alleged.

- Awards and fees allegedly flowed from ineligible IDRs.

## Zotec

- Provider-side IDR vendor alleged to act for out-of-network providers.

- False attestations, batching/volume tactics, duplicates, and timeliness defects alleged.

- Awards, fees, settlements, and overhead allegedly flowed from ineligible IDRs.

**The IDR vendor label does not change the judicial task.**

# Eligibility is the Gateway Issue a Certified IDRE Decides



**1 IDR initiated** — notice and attestation

**2 Payor response** — inapplicability info

**3 IDRE review** — applicability / eligibility

**4 Offers** — if process applies

**5 Determination** — binding payment outcome

### Why this matters

Eligibility facts are claim- and plan-specific: plan type, state law, timing, duplicate disputes, batching, and plan-held claim history. HCSC's "false attestation" theory necessarily runs through the IDRE's eligibility decision.

# Eligibility Disputes are a Systemic IDR Issue

**229,388**

disputes found ineligible
in Q1/Q2 2025

**17%**

of closed disputes
in the same period



**Found Ineligible**

# Plan-Held Data is the Eligibility Bottleneck

### Eligibility facts often held by plans

- Plan type and self-funded status
- Specified state law / opt-in status
- Coverage and adjudication details
- Payment or denial dates and claim history

### Regulatory Response

- Current NSA-specific RARCs exist.
- Proposed Operations Rule would make specified CARC/RARC communications a regulatory requirement if finalized.
- June 2025 technical assistance treats certain eligibility mistakes as jurisdictional errors for post-closure correction.

### The Point

- The system expects eligibility objections.
- Applicability is decided in the IDR process.
- Operational gaps are addressed through process design, agency correction, and rulemaking. Not tort litigation.

**Plans are in exclusive control of information necessary for making complex eligibility determinations**

# Requested Relief Drives the Review Problem

| HCSC Request | Court Must Decide | Practical effect |
|---|---|---|
| Award damages | Awards should not have issued | Revisit IDR result |
| Fees / overhead | IDR process should not have proceeded | Reallocate IDR costs |
| Settlements | IDR exposure was improper | Second-guess resolutions |
| Declarations | Awards are not binding | Strip legal effect |
| Injunction | Future submissions are ineligible | Supervise eligibility |

**Each remedy requires the same predicate decision: the IDR should not have proceeded.**

# Fraud Has a Prescribed Lane

## NSA / FAA Lane

- Award-specific review

- FAA § 10(a) grounds

- FAA fraud standard, award by award

- Specific award, record, and remedy

## This Case

- Aggregate tort claims

- Damages tied to IDR outcomes

- No award-by-award FAA petition

- Forward-looking eligibility injunction

**Fraud matters in the preserved channel. HCSC filed a different case.**

# Other Authority Points the Same Direction

### Anthem BCBS v. HaloMD et al. (CD Cal)

Fraud-based claims require review of eligibility attestations and IDRE determinations.

### Aetna Health v. Radiology Partners (MD Fla)

Payor fraud theory rejected as an end-run around NSA / FAA channels.

### United Healthcare of PA v. NorthStar (EDPA)

Broken-system theory rejected even where the IDR was concededly ineligible.

### Guardian Flight v. Medical Evaluators (5th Cir)

CIDREs are arbitrator-like; FAA fraud is narrow and award-specific.

**The cases reinforce one rule: practical effect controls.**

# Other Threshold and Merits Defects

| 1 | **Standing** | Injury runs through independent IDRE decisions; redress requires redoing IDR. |
| 2 | **Rule 19** | Zotec is not the award holder; absent providers/clinicians hold the awards. |
| 3 | **Rule 9(b)** | Representative examples cannot plead fraud across thousands of claim-specific IDRs. |
| 4 | **Reliance / causation** | HCSC often alleges it knew and objected; mandatory IDR participation is not reliance. |
| 5 | **Claim elements** | No Zotec-HCSC contract; no identifiable HCSC money held by Zotec; DJ/injunction are remedies. |

# Motion to Dismiss Should be Granted with Prejudice

The requested relief requires the Court to adjudicate:

- whether IDR disputes were eligible;
- whether IDREs should have rejected them;
- whether awards, fees, settlements, or overhead should have followed; and
- whether future IDR submissions should be policed by injunction.

Congress did not permit this kind of judicial review.

