**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, <br><br> *Plaintiff,* <br><br> vs. <br><br> ZOTEC PARTNERS, LLC, <br><br> *Defendant.* | Case No.     5:25-cv-00186-RWS |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

The U.S. District Court for the District of Connecticut's recent opinion in *Guardian Flight LLC v. Aetna Life Ins. Co.*, No. 3:24-cv-680 (D. Conn. June 16, 2026) ("*Aetna*"), is neither binding nor persuasive, particularly where this court's interpretation of the NSA in an earlier opinion issued in the same case was expressly rejected by the Fifth Circuit. *See Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 276 n.5 (5th Cir. 2025) (critiquing and declining to follow *Guardian Flight LLC v. Aetna Life Ins. Co.*, 789 F. Supp. 3d 214, 227 (D. Conn. 2025)).

Moreover, the District of Connecticut's analysis focuses on conflict preemption. Conflict preemption is an affirmative defense that can be forfeited if not raised. *See Spear Mktg. Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 (5th Cir. 2016) ("[O]rdinary preemption (variably called 'defensive preemption') is an affirmative defense that a defendant can invoke 'to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law."); *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012). Zotec failed to raise this argument in its motion to dismiss and may not use a notice of supplemental authority as a vehicle to raise entirely new

1

grounds for dismissal. *See Tammy M. v. Berryhill*, No. 3:18-cv-1659, 2019 WL 2107564, at *13 n.7 (N.D. Tex. Apr. 24, 2019) ("Arguments not presented in an initial brief are waived."); *Flooring Sys., Inc. v. Chow*, No. 4:12-cv-475, 2013 WL 4674667, at *1 n.2 (E.D. Tex. Aug. 29, 2013) (same).

Otherwise, the *Aetna* court's remaining analysis of the "bifurcated" claims at issue in that matter actually supports HCSC's position, argued during the May 27, 2026 hearing, that HCSC's fraudulent inducement claims fall outside both this Court's ruling in the *HaloMD* matter as well as the NSA's statutory bar. The District of Connecticut recognized that certain claims could proceed that did not require the court to "engage[] in judicial review of an IDR determination." *Id.* at 11. It found allegations about the providers' pattern of improperly submitting two separate disputes to the IDR process for single bundled claims were not barred on preemption grounds because "deciding whether these 'bifurcated' claims caused delay in the IDR process or duplicative administrative fees would not involve scrutinizing the merits of any award." *Id.*

The same reasoning applies here. HCSC's fraudulent inducement claim is based on settlements that occurred **outside** the IDR process and thus the Court would not need to "scrutiniz[e] the merits of any award" in analyzing that claim because there were no awards in situations where HCSC settled with Zotec. FAC ¶¶ 206-09.

Likewise, the same reasoning applies to HCSC's challenges regarding Zotec's submission of overlapping IDR proceedings for the same services or items under both the federal IDR and Texas analogue process, as well as Zotec's submission of duplicate IDR Processes for the same underlying service. FAC ¶¶ 8, 120-32. As with the "bifurcated" claims in *Aetna*, these allegations challenge Zotec's conduct of initiating multiple duplicative proceedings—not the substance of any resulting award. For those claims as well, the Court can determine whether Zotec submitted

2

overlapping or duplicative disputes, and whether that conduct caused HCSC injury, without evaluating the correctness of any IDR determination.

For these reasons, *Aetna* provides no basis for dismissal and instead confirms that claims that do not require review of the merits of an IDR determination, including HCSC's claims for fraudulent inducement and claims based on overlapping submissions may proceed.

Respectfully submitted,

Dated: June 23, 2026                              By:   */s/ Jamie R. Kurtz*

**PATTON, TIDWELL & CULBERTSON**
Kelly B. Tidwell (TXBN 20020580)
kbt@texarkanalaw.com
Geoffrey P. Culbertson (TXBN 24045732)
gpc@texarkanalaw.com
2800 Texas Boulevard
PO Box 5398
Texarkana, TX 75505
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

– and –

**ROBINS KAPLAN LLP**
Jamie R. Kurtz* (Lead Counsel)
JKurtz@RobinsKaplan.com
John K. Harting*
JHarting@RobinsKaplan.com
Nathaniel J. Moore*
NMoore@RobinsKaplan.com
Kyle D. Nelson*
KNelson@RobinsKaplan.com
Joseph T. Janochoski*
JJanochoski@RobinsKaplan.com
Lindsay Dreyer*
LDreyer@RobinsKaplan.com
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
T: (612) 349-8500
F: (612) 339-4181

*Admitted *pro hac vice*

*Attorneys for Plaintiff HCSC*

4

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2026, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

*/s/ Jamie R. Kurtz*
Jamie R. Kurtz