**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS, TEXARKANA DIVISION**

| | |
|---|---|
| HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, )<br>)<br>) | |
| Plaintiff, ) | |
| v. ) | Case No. 5:25-cv-00186-RWS |
| ZOTEC PARTNERS, LLC, ) | Judge Robert W. Schroeder III |
| Defendant. ) | |

<u>**DEFENDANT'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**</u>

Defendant Zotec Partners, LLC ("Zotec") respectfully submits this Fifth Notice of Supplemental Authority in further support of its Motion to Dismiss Plaintiff's First Amended Complaint Or, In the Alternative, For More Definite Statement and To Partially Strike Plaintiff's First Amended Complaint ("Motion to Dismiss" at ECF Nos. 25, 28, 50).

Since the close of briefing and oral argument on Zotec's pending Motion to Dismiss, the Honorable Janet C. Hall of the United States District Court for the District of Connecticut issued three companion rulings addressing the No Surprises Act ("NSA") independent dispute resolution ("IDR") process. *See Shareef Jandali Plastic Surgery LLC v. Cigna Health & Life Insurance Co.*, No. 3:25-CV-1168 (JCH), slip op. (D. Conn. July 21, 2026); *New England PA, LLC v. Cigna Health & Life Insurance Co.*, No. 3:25-CV-1472 (JCH), slip op. (D. Conn. July 21, 2026); and *Northeast Plastic Surgery Center, LLC v. Cigna Health & Life Insurance Co.*, No. 3:25-CV-1476 (JCH), slip op. (D. Conn. July 21, 2026). Copies are attached as Exhibits A through C.

These cases arose in a different posture than that presented in this case. Each involved a provider seeking to enforce an unpaid IDR award, and Judge Hall held that the NSA permits such an enforcement action. The Fifth Circuit has held otherwise. *See Guardian Flight, L.L.C. v. Health*

*Care Serv. Corp.*, 140 F.4th 271 (5th Cir. 2025). *Guardian Flight* controls that enforcement question in this Circuit. Zotec does not submit the Connecticut decisions for their enforcement holding and does not ask this Court to revisit *Guardian Flight*.

The decisions are relevant for a separate reason. In these cases, Cigna resisted payment by asking the court to decide that the underlying disputes were ineligible for federal IDR. *Jandali*, slip op. at 20; *New England*, slip op. at 12–13; *Northeast*, slip op. at 13. Judge Hall held that the IDR process gives the non-initiating party a mechanism to contest applicability; that the certified IDR entity ("IDRE") is charged with deciding it; and that issuance of an award reflects the IDRE's determination that the dispute was eligible. *Jandali*, slip op. at 20–22; *New England*, slip op. at 13–15; *Northeast*, slip op. at 13–15. As the court explained, "[t]hat determination was made by the entity Congress charged with making it," and a contrary judicial ruling would require "precisely the judicial review" Cigna argued the NSA prohibited in the context of an action to enforce an IDR award. *New England*, slip op. at 14; *Northeast*, slip op. at 14–15.

On the eligibility issue, the Connecticut decisions align with this Court's ruling in *Blue Cross Blue Shield of Texas v. HaloMD, LLC*, No. 5:25-CV-132-RWS, 2026 WL 1557492 (E.D. Tex. May 22, 2026). In that materially similar action by BCBSTX, a division of plaintiff in this case Health Care Service Corporation ("HCSC"), against another IDR vendor, the Court held that the NSA's bar on review of payment determinations necessarily limits review of eligibility because a finding of ineligibility would call the resulting awards into question. *HaloMD*, at *4. The Court also held that IDREs decided eligibility, BCBSTX had an opportunity to contest it, and all of its claims were impermissible collateral attacks. *Id.* at *4–*6. That Judge Hall reached the same process-allocation conclusion from an IDR enforcement posture makes no difference. Her rulings as to eligibility questions reinforce, rather than expand, this Court's prior analysis.

The same reasoning applies here. HCSC argues that eligibility is separate from an IDR determination and that its tort and equitable claims therefore do not seek judicial review. ECF No. 44 at 7–12; ECF No. 55 at 2–9. But all of its claims require this Court to find completed disputes ineligible because of timing, plan type, state-law applicability, duplication, or other threshold defects, and then impose damages and prospective relief linked to the IDR process.

Judge Hall's ruling on eligibility questions also aligns with controlling precedent in this Circuit. HCSC successfully argued in *Guardian Flight* that the NSA's limitation on "judicial review" reaches an action that accepts an IDR award as binding and seeks only judicial intervention to order payment. 140 F.4th at 275–77. HCSC is now defending that same construction in four consolidated Seventh Circuit appeals from judgments dismissing provider actions seeking payment of final IDR awards.[1] Provider entities, including entities represented by undersigned counsel, continue to dispute that construction in those and other proceedings outside of the Fifth Circuit. That disagreement is not before this Court, and *Guardian Flight* controls in this Circuit.

At bottom, *Guardian Flight*'s controlling construction strengthens Zotec's argument. If "judicial review" includes an action that leaves the IDR award untouched and seeks only enforcement, 140 F.4th at 275–77, it necessarily includes an action requiring a court to decide that the IDRE made the wrong decisions as to IDR eligibility and to impose liability linked to the IDR process and awards coming out of that process.

Accordingly, on the issue relevant in this case, the District of Connecticut decisions, this Court's ruling in *HaloMD*, and *Guardian Flight* can be read harmoniously and point in the same

---

[1] *See SpecialtyCare, Inc. v. Health Care Serv. Corp.,* Nos. 26-2269, 26-2279 & 26-2280, consolidated with *PHI Health, LLC v. Health Care Serv. Corp.*, No. 26-2401, *Order,* No. 26-2401, ECF No. 10 (7th Cir. July 9, 2026) (consolidated for briefing and disposition).

direction: HCSC cannot circumvent the NSA's limitation on judicial review by recasting a collateral attack on completed IDR awards as tort and equitable claims that require this Court to second-guess the IDREs' decisions on IDR eligibility.

Dated: July 24, 2026

Respectfully Submitted,

/s/ *Joshua D. Arters*
**POLSINELLI PC**
Andrew F. Newman
State Bar No. 24060331
4020 Maple Avenue, Suite 300
Dallas, Texas 75219
(214) 661-5506
(214) 481-4797 (f)
afnewman@polsinelli.com

Joshua D. Arters, Lead Attorney*
Meaghan M. Gray*
Olivia D. Winnett*
501 Commerce Street, Suite 1300
Nashville, Tennessee 37203
(615) 259-1510
(615) 259-1573 (f)
jarters@polsinelli.com
mgray@polsinelli.com
owinnett@polsinelli.com

*Counsel for Defendant*
*Zotec Partners, LLC*

*\*Admitted Pro Hac Vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, a true and correct copy of the above was served

on the following via email through the Eastern District of Texas's CM/ECF system.

**PATTON, TIDWELL & CULBERTSON**
Kelly B. Tidwell
Geoffrey P. Culbertson
2800 Texas Boulevard
Post Office Box 5398
Texarkana, Texas 75505
(903) 792-7080
(903) 792-8233 (f)
kbt@texarkanalaw.com
gpc@texarkanalaw.com

**ROBINS KAPLAN LLP**
Jamie R. Kurtz
Nathaniel J. Moore
John K. Harting
Kyle D. Nelson
Jacqueline R.D. Fielding
Lindsay K. Dreyer
Joseph T. Janochoski
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
(612) 349-8500
(612) 339-4181 (f)
jkurtz@robinskaplan.com
nmoore@robinskaplan.com
jharting@robinskaplan.com
knelson@robinskaplan.com
jfielding@robinskaplan.com
ldreyer@robinskaplan.com
jjanochoski@robinskaplan.com

*Counsel for Plaintiff*
*Health Care Service Corporation, a*
*Mutual Legal Reserve Company*

/s/ *Joshua D. Arters*
Joshua D. Arters

5